NEAL S. SALISIAN, SBN 240277
neal.salisian@salisianlee.com
GLENN R. COFFMAN, SBN 305669
glenn.coffman@salisianlee.com
JARED T. DENSEN, SBN 325164
jared.densen@salisianlee.com
**SALISIAN | LEE LLP**
550 South Hope Street, Suite 750
Los Angeles, California 90071-2924
Telephone: (213) 622-9100
Facsimile: (800) 622-9145

MARISA D. POULOS (SBN 197904)
marisa.poulos@balboacapital.com
**BALBOA CAPITAL CORPORATION**
575 Anton Boulevard, 12th Floor
Costa Mesa, California 92626
Tel: (949) 399-6303

Attorneys for Plaintiff
AMERIS BANK d/b/a BALBOA CAPITAL CORPORATION

THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

AMERIS BANK, a Georgia state-chartered banking corporation, doing business as BALBOA CAPITAL CORPORATION,

Plaintiff,

vs.

PANNU TRANSPORT, INC., a Virginia corporation; PARVINDER SINGH, an individual,

Defendants.

Case No.:

**PLAINTIFF AMERIS BANK D/B/A/ BALBOA CAPITAL CORPORATION'S COMPLAINT FOR:**

**1. BREACH OF EQUIPMENT FINANCING AGREEMENT NO. 1;**

**2. BREACH OF PERSONAL GUARANTY NO. 1;**

**3. BREACH OF EQUIPMENT FINANCING AGREEMENT NO. 2;**

**4. BREACH OF PERSONAL GUARANTY NO. 2;**

**5. BREACH OF EQUIPMENT FINANCING AGREEMENT NO. 3;**

**6. BREACH OF PERSONAL GUARANTY NO. 3.**

Plaintiff Ameris Bank, a Georgia state-chartered banking corporation doing business as Balboa Capital Corporation, ("Balboa" or "Plaintiff"), alleges as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff Ameris Bank d/b/a Balboa Capital Corporation ("Balboa" or "Plaintiff") is, and at all times relevant to this action was, a Georgia state-chartered banking corporation with Balboa Capital Corporation as one if its divisions, which division has its principal place of business in the State of California, County of Orange.

2. Defendant Pannu Transport Inc. ("Pannu Transport") is, and at all times relevant to this action was, a Virginia corporation with its principal place of business in the County of Prince William, State of Virginia.

3. Defendant Parvinder Singh ("Singh"), an individual, is and at all times relevant to this action was, a resident of the County of Prince William, State of Virginia and was an officer, director, shareholder, agent and/or owner of Defendant Pannu Transport.

4. Plaintiff is informed and believes and thereon alleges that each Defendant, directly or indirectly, or through agents or other persons, was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about the foregoing, and that each Defendant authorized, ratified, adopted, approved, controlled, and aided and abetted the conduct of all other Defendants.

5. The obligations sued upon herein are commercial in nature and the Complaint herein is not subject to the provisions of California Civil Code Sections

1801, *et seq.* (Unruh Retail Installment Sales Act) and/or California Civil Code Sections 2981, *et seq.* (Rees-Levering Motor Vehicle Sales and Finance Act).

6. Pursuant to the Equipment Financing Agreements and Guaranties described herein below, defendant Pannu Transport and defendant Singh agreed that they would be governed by the laws of the State of California. In addition, the agreements provide, in pertinent part, as follows:

> **25. GENERAL.** … THIS AGREEMENT SHALL BE GOVERNED BY THE LAW OF THE STATE OF CALIFORNIA. DEBTOR SUBMITS TO THE JURISDICTION OF CALIFORNIA AND AGREES THAT THE CALIFORNIA STATE COURTS OF ORANGE COUNTY AND/OR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION, SHALL HAVE EXCLUSIVE JURISDICTION OVER ANY ACTION OR PROCEEDING TO ENFORCE THIS AGREEMENT OR ANY ACTION OR PROCEEDING ARISING OUT OF THIS AGREEMENT.

*See* EFA No. 1.

> **30. CONSENT TO EXCLUSIVE AND MANDATORY JURISDICTION AND VENUE OF CALIFORNIA.** Debtor submits to the jurisdiction of California and agrees that any action or proceeding to enforce this Agreement, or any action or proceeding arising out of or related to this Agreement will be exclusively commenced, initiated and litigated in the California State Courts of Orange County California and/or the United States District Court for the Central District of California, Santa Ana Division.

*See* EFA Nos. 2 and 3.

7. Jurisdiction. This Court has jurisdiction over the case pursuant to 28 U.S.C. §1332(a).

8. Venue. This case is properly venued in this judicial district pursuant to 28 U.S.C. §1391(b)(2) and in the Southern Division pursuant to 28 U.S.C. §84(c)(3).

**FIRST CAUSE OF ACTION**

**(Breach of Equipment Financing Agreement No. 1)**

**(Against Pannu Transport)**

9. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

10. Prior to February 2021, Balboa is informed and believes that Pannu Transport initiated and engaged with Big Rig Trucks & Trailers, LLC located at 3060 Highway 101, South Greer, SC 29651 ("Equipment Vendor No. 1"), in order to coordinate the acquisition and financing of certain equipment (hereinafter referred to as "Collateral No. 1") for its business. Equipment Vendor No. 1 worked with Pannu Transport in the selection of Collateral No. 1 and in coordinating its delivery.

11. Thereafter, Balboa is informed and believes, and therefore alleges, that Equipment Vendor No. 1 initiated and coordinated submission of Defendants' electronic credit application to Balboa and other financial institutions. Upon review, Pannu Transport concluded that Balboa offered agreeable terms to finance Collateral No. 1 commensurate with its requirements. Thereafter, Equipment Vendor No. 1 accumulated and submitted to Balboa the requisite signatories, documentation and financial information from the Defendants to finance Collateral No. 1 being supplied by Equipment Vendor No. 1.

12. On or about February 24, 2021, Balboa executed and delivered to Pannu Transport a certain written Vehicle (Equipment) Financing Agreement No. 349852-000 ("EFA No. 1"), under the terms of which Balboa loaned to Pannu Transport the principal sum of Eighty-Three Thousand Seven-Hundred Seventeen Dollars and Eighty-Eight Cents ($83,717.88) in order to finance Collateral No. 1 for its business. EFA No. 1 required Pannu Transport to make seventy-two (72) monthly payments of $1,667.91, payable on the 24th day of each month beginning

February 24, 2021. A true and correct copy of EFA No. 1 is attached as **Exhibit A** and is incorporated here by reference.

13. The last payment received by Balboa was credited toward the monthly payment due for September 24, 2023. Therefore, on or about October 24, 2023, Pannu Transport breached EFA No. 1 by failing to make the monthly payment due on that date. Defendant Pannu Transport's failure to make timely payments is a default under the terms of EFA No. 1.

14. In accordance with EFA No. 1, and as a proximate result of Pannu Transport's default thereunder, Balboa declared the entire balance of the payments under EFA No. 1 to be immediately due and payable to Balboa. In addition, pursuant to EFA No. 1, Balboa is entitled to recover all accelerated payments due under EFA No. 1. Therefore, there became due the sum of $70,052.23. These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by Pannu Transport.

15. In addition, the terms of EFA No. 1 provide that Pannu Transport is liable to Balboa for late charges on all payments not made in a timely manner. As of the date of the filing of Balboa's Complaint, late charges in the sum of $300.22 are now due and owing.

16. Balboa has performed all of the terms, conditions, and covenants required to be performed by it under the terms of EFA No. 1, except as excused or prevented by the conduct of Pannu Transport.

17. As a proximate result of Pannu Transport's breach of EFA No. 1, Balboa has been damaged in the total sum of $70,352.45, plus prejudgment interest from October 24, 2023, until the entry of judgment herein.

18. Further, under the terms of EFA No. 1, Pannu Transport promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of EFA No. 1. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Pannu Transport.

19. EFA No. 1 also provides Balboa the remedy of possession of Collateral No. 1 and to obtain an order that Balboa may, in accordance with applicable state law, sell the remaining Collateral No. 1 and apply the net proceeds from the sale to the remaining loan balance. Alternatively, if possession cannot be had, Balboa is entitled to recover the value of Collateral No. 1.

**SECOND CAUSE OF ACTION**

**(Breach of Guaranty No. 1)**

**(Against Singh)**

20. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

21. Concurrent with the execution of EFA No. 1, and in order to induce Balboa to enter into EFA No. 1 with Pannu Transport, Singh guaranteed, in writing, the payment of the then existing and future indebtedness due and owing to Balboa under the terms of EFA No. 1. A true and correct copy of the written Personal Guaranty signed by Singh ("Guaranty No. 1") is attached as **Exhibit B** and incorporated herein by reference.

22. Balboa has performed all the terms, conditions, and covenants required to be performed by Balboa under the terms of Guaranty No. 1, except as excused or prevented by the conduct of Singh.

23. Following a default of Pannu Transport under the terms of EFA No. 1, Balboa demanded Singh make the payments required under EFA No. 1. Singh failed to meet the guaranty obligations of Guaranty No. 1 and make the payments required under EFA No. 1.

24. Pursuant to the terms of Guaranty No. 1, the sum of $70,352.45, plus prejudgment interest from October 24, 2023, is due and payable to Balboa from Singh. This Complaint, in addition to previous demands, shall constitute further demand upon Singh to pay the entire indebtedness due and owing from Pannu Transport to Balboa under the terms of EFA No. 1.

25. Under the terms of Guaranty No. 1, Singh promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of EFA No. 1 and Guaranty No. 1. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Singh.

**THIRD CAUSE OF ACTION**

**(Breach of Equipment Financing Agreement No. 2)**

**(Against Pannu Transport)**

26. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

27. Prior to June 2023, Balboa is informed and believes that Pannu Transport initiated and engaged with Lyons Truck Sales LLC located at 16 West 020 79th Street, Burr Ridge, IL 60527 ("Equipment Vendor No. 2"), in order to coordinate the acquisition and financing of certain equipment (hereinafter referred to as "Collateral No. 2") for its business. Equipment Vendor No. 2 worked with Pannu Transport in the selection of Collateral No. 2 and in coordinating its delivery.

28. On or about June 22, 2023, Balboa executed and delivered to Pannu Transport a certain written Equipment Financing Agreement No. 349852-001 ("EFA No. 2"), under the terms of which Balboa loaned to Pannu Transport the principal sum of Seventy-Eight Thousand Three-Hundred Fifty Dollars and Ninety-Six Cents ($78,350.96) in order to finance Collateral No. 2 for its business. EFA No. 2 required Pannu Transport to make forty-eight (48) monthly payments of $2,094.00, payable on the 21st day of each month beginning August 21, 2023. A true and correct copy of EFA No. 2 is attached as **Exhibit C** and is incorporated here by reference.

29. The last payment received by Balboa was credited toward the monthly payment due for September 21, 2023. Therefore, on or about October 21, 2023, Pannu Transport breached EFA No. 2 by failing to make the monthly payment due

on that date. Defendant Pannu Transport's failure to make timely payments is a default under the terms of EFA No. 2.

30. In accordance with EFA No. 2, and as a proximate result of Pannu Transport's default thereunder, Balboa declared the entire balance of the payments under EFA No. 2 to be immediately due and payable to Balboa. In addition, pursuant to EFA No. 2, Balboa is entitled to recover all accelerated payments due under EFA No. 2. Therefore, there became due the sum of $96,324.01. These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by Pannu Transport.

31. In addition, the terms of EFA No. 2 provide that Pannu Transport is liable to Balboa for late charges on all payments not made in a timely manner. As of the date of the filing of Balboa's Complaint, late charges in the sum of $251.28 are now due and owing.

32. Balboa has performed all of the terms, conditions, and covenants required to be performed by it under the terms of EFA No. 2, except as excused or prevented by the conduct of Pannu Transport.

33. As a proximate result of Pannu Transport's breach of EFA No. 2, Balboa has been damaged in the total sum of $96,575.29, plus prejudgment interest from October 21, 2023, until the entry of judgment.

34. Further, under the terms of EFA No. 2, Pannu Transport promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of EFA No. 2. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Pannu Transport.

35. EFA No. 2 also provides Balboa the remedy of possession of Collateral No. 2 and to obtain an order that Balboa may, in accordance with applicable state law, sell the remaining Collateral No. 2 and apply the net proceeds from the sale to the remaining loan balance. Alternatively, if possession cannot be had, Balboa is entitled to recover the value of Collateral No. 2.

## <u>FOURTH CAUSE OF ACTION</u>

**(Breach of Guaranty No. 2)**

**(Against Singh)**

36. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

37. Concurrent with the execution of EFA No. 2, and in order to induce Balboa to enter into EFA No. 2 with Pannu Transport, Singh guaranteed, in writing, the payment of the then existing and future indebtedness due and owing to Balboa under the terms of EFA No. 2. A true and correct copy of the written Personal Guaranty ("Guaranty No. 2") is attached as **<u>Exhibit D</u>** and incorporated herein by reference.

38. Balboa has performed all the terms, conditions, and covenants required to be performed by Balboa under the terms of Guaranty No. 2, except as excused or prevented by the conduct of Singh.

39. Following a default of Pannu Transport under the terms of EFA No. 2, Balboa demanded Singh make the payments required under EFA No. 2. Singh failed to meet the guaranty obligations of Guaranty No. 2 and make the payments required under EFA No. 2.

40. Pursuant to the terms of Guaranty No. 2, the sum of $96,575.29, plus prejudgment interest from October 21, 2023, is due and payable to Balboa from Singh. This Complaint, in addition to previous demands, shall constitute further demand upon Singh to pay the entire indebtedness due and owing from Pannu Transport to Balboa under the terms of EFA No. 2.

41. Under the terms of Guaranty No. 2, Singh promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of EFA No. 2 and Guaranty No. 2. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Singh.

## FIFTH CAUSE OF ACTION

**(Breach of Equipment Financing Agreement No. 3)**

**(Against Pannu Transport)**

42. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

43. Prior to September 2023, Balboa is informed and believes that Pannu Transport initiated and engaged with Equipment Vendor No. 2, in order to coordinate the acquisition and financing of certain equipment (hereinafter referred to as "Collateral No. 3") for its business. Equipment Vendor No. 2 worked with Pannu Transport in the selection of Collateral No. 3 and in coordinating its delivery.

44. Thereafter, Balboa is informed and believes, and therefore alleges, that Equipment Vendor No. 2 initiated and coordinated submission of Defendants' electronic credit application to Balboa and other financial institutions. Upon review, Pannu Transport concluded that Balboa offered agreeable terms to finance Collateral No. 3 commensurate with its requirements. Thereafter, Equipment Vendor No. 2 accumulated and submitted to Balboa the requisite signatories, documentation and financial information from the Defendants to finance Collateral No. 3 being supplied by Equipment Vendor No. 2.

45. On or about September 5, 2023, Balboa executed and delivered to Pannu Transport a certain written Equipment Financing Agreement No. 349852-002 ("EFA No. 3"), under the terms of which Balboa loaned to Pannu Transport the principal sum of Seventy-Four Thousand One-Hundred Forty-Nine Dollars and Ninety-Two Cents ($74,149.92) in order to finance Collateral No. 3 for its business. EFA No. 3 required Pannu Transport to make thirty (30) monthly payments of $2,918.00, payable on the 4th day of each month beginning November 4, 2023. A true and correct copy of EFA No. 3 is attached as **Exhibit E** and is incorporated here by reference.

46. No payment was received by Balboa for EFA No. 3. Therefore, on or about November 4, 2023, Pannu Transport breached EFA No. 3 by failing to make the monthly payment due on that date. Defendant Pannu Transport's failure to make timely payments is a default under the terms of EFA No. 3.

47. In accordance with EFA No. 3, and as a proximate result of Pannu Transport's default thereunder, Balboa declared the entire balance of the payments under EFA No. 3 to be immediately due and payable to Balboa. In addition, pursuant to EFA No. 3, Balboa is entitled to recover all accelerated payments due under EFA No. 3. Therefore, there became due the sum of $87,540.01. These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by Pannu Transport.

48. In addition, the terms of EFA No. 3 provide that Pannu Transport is liable to Balboa for fees not made in a timely manner. As of the date of the filing of Balboa's Complaint, a titling fee in the sum of $150.00 is now due and owing.

49. Balboa has performed all of the terms, conditions, and covenants required to be performed by it under the terms of EFA No. 3, except as excused or prevented by the conduct of Pannu Transport.

50. As a proximate result of Pannu Transport's breach of EFA No. 3, Balboa has been damaged in the total sum of $87,690.01, plus prejudgment interest from November 4, 2023, until the entry of judgment herein.

51. Further, under the terms of EFA No. 3, Pannu Transport promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of EFA No. 3. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Pannu Transport.

52. EFA No. 3 also provides Balboa the remedy of possession of Collateral No. 3 and to obtain an order that Balboa may, in accordance with applicable state law, sell the remaining Collateral No. 3 and apply the net proceeds

from the sale to the remaining loan balance. Alternatively, if possession cannot be had, Balboa is entitled to recover the value of Collateral No. 3.

## SIXTH CAUSE OF ACTION

### (Breach of Guaranty No. 3)

### (Against Singh)

53. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

54. Concurrent with the execution of EFA No. 3, and in order to induce Balboa to enter into EFA No. 3 with Pannu Transport, Singh guaranteed, in writing, the payment of the then existing and future indebtedness due and owing to Balboa under the terms of EFA No. 3. A true and correct copy of the written Personal Guaranty signed by Singh ("Guaranty No. 3") is attached as **Exhibit F** and incorporated herein by reference.

55. Balboa has performed all the terms, conditions, and covenants required to be performed by Balboa under the terms of Guaranty No. 3, except as excused or prevented by the conduct of Singh.

56. Following a default of Pannu Transport under the terms of EFA No. 3, Balboa demanded Singh make the payments required under EFA No. 3. Singh failed to meet the guaranty obligations of Guaranty No. 3 and make the payments required under EFA No. 3.

57. Pursuant to the terms of Guaranty No. 3, the sum of $87,690.01, plus prejudgment interest from November 4, 2023, is due and payable to Balboa from Singh. This Complaint, in addition to previous demands, shall constitute further demand upon Singh to pay the entire indebtedness due and owing from Pannu Transport to Balboa under the terms of EFA No. 3.

58. Under the terms of Guaranty No. 3, Singh promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of EFA

No. 3 and Guaranty No. 3. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Singh.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Balboa prays for judgment against Defendants, and each of them, as follows:

**On the First and Second Causes of Action:**

1. The principal sum $70,352.45;
2. Prejudgment interest from October 24, 2023 to the date of entry of judgment;
3. Late charges and non-sufficient charges in an amount to be proven at trial;
4. An order to recover possession of Collateral No. 1 which is the subject of EFA No. 1, or if Collateral No. 1 cannot be delivered, for its reasonable value according to proof;
5. Reasonable attorneys' fees and costs;
6. Costs of suit as provided by law; and
7. Such other and further relief that the Court considers proper.

**On the Third and Fourth Causes of Action:**

1. The principal sum $96,575.29;
2. Prejudgment interest from October 21, 2023 to the date of entry of judgment;
3. Late charges and non-sufficient charges in an amount to be proven at trial;
4. An order to recover possession of Collateral No. 2 which is the subject of EFA No. 2, or if Collateral No. 2 cannot be delivered, for its reasonable value according to proof;
5. Reasonable attorneys' fees and costs;
6. Costs of suit as provided by law; and

7. Such other and further relief that the Court considers proper.

**On the Fifth and Sixth Causes of Action:**

1. The principal sum $87,690.01

2. Prejudgment interest from November 4, 2023 to the date of entry of judgment;

3. Late charges and non-sufficient charges in an amount to be proven at trial;

4. An order to recover possession of Collateral No. 3 which is the subject of EFA No. 3, or if Collateral No. 3 cannot be delivered, for its reasonable value according to proof;

5. Reasonable attorneys' fees and costs;

6. Costs of suit as provided by law; and

7. Such other and further relief that the Court considers proper.

DATED: December 19, 2023

SALISIAN | LEE LLP

By: ______________________

Neal S. Salisian
Glenn Coffman
Jared T. Densen

Attorneys for Plaintiff
AMERIS BANK d/b/a BALBOA CAPITAL CORPORATION