UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| Case No. | 8:23-cv-02407-JVS-JDE |
| Date | October 1, 2024 |
| Title | Ameris Bank v. Pannu Transport Inc. et al |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

Not Present                                            Not Present

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion for Default Judgment [26]**

Plaintiff Ameris Bank, d/b/a Balboa Capital Corporation ("Balboa"), moves for default judgment against Defendants Pannu Transport ("Pannu Transport"), and Parvinder Singh ("Singh"), an individual (collectively "Defendants"). (Mot., Dkt. No 1.) Defendants do not oppose the Motion.

For the following reasons, the Court **GRANTS** Balboa's Motion for Default Judgment. The Court finds that oral argument would not be helpful in this matter and **VACATES** the October 7, 2024 hearing. Fed. R. Civ. P. 78; L.R. 7-15.

## I. LEGAL STANDARD

Before a court can enter a default judgment against a defendant, a plaintiff must satisfy the procedural and substantive requirements for default judgment.

### A. Procedural Requirements

For a default judgment, a plaintiff must satisfy the procedural requirements of the Federal Rules of Civil Procedure. Rule 54(c) states that a default judgment cannot grant relief that is different from the requested relief in a complaint. Fed. R. Civ. P. 54(c). Under Rule 55(a), a clerk must enter a default when a defendant has failed to plead, defend, or appear in any form. Fed. R. Civ. P. 55(a). Lastly, if a defaulting party has appeared in an action, then a plaintiff needs to serve a motion for default on the defaulting party. Fed. R. Civ. P. 55(b)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-02407-JVS-JDE | Date | October 1, 2024 |
| Title | Ameris Bank v. Pannu Transport Inc. et al | | |

In addition, a party seeking a default judgment must satisfy the requirements of Local Rule 55-1. To satisfy Local Rule 55-1, a plaintiff needs to submit a declaration establishing (1) when and against whom the clerk entered a default, (2) the pleading on which default was entered, (3) whether the defaulting party is an infant or incompetent "and if so, whether that person is represented by a guardian, committee, conservator or other representative," (4) whether the Service members Civil Relief Act applies; and (5) whether the plaintiff served a notice of the motion on the defaulting party, if required by Federal Rule of Civil Procedure 55(b)(2). L.R. 55-1.

  B.  *Substantive Requirements*

The Ninth Circuit has identified seven factors (together, the "Eitel factors") that a court considers when determining whether to grant a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at issue; (5) the possibility of a dispute regarding material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Taken together, the second and third Eitel factors, related to the merits of a plaintiff's claims and the sufficiency of the complaint, address whether the party seeking default judgment has stated a claim upon which it may recover. See, e.g., Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 498 (C.D. Cal. 2003) (citing PepsiCo Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172 (C.D. Cal. 2002)).

On an application for a default judgment, the factual allegations in the complaint are taken as true, with the exception of those regarding damages. See Pope v. United States, 323 U.S. 1, 12 (1944); Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co., 980 F.2d 1261, 1267 (9th Cir.1992).

## II. DISCUSSION

The Court has reviewed the Complaint and the supporting declarations as part of Balboa's Motion and finds that both procedural and substantive requirements for default

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-02407-JVS-JDE | Date | October 1, 2024 |
| Title | Ameris Bank v. Pannu Transport Inc. et al | | |

judgment are met in all three agreements. Furthermore, the Federal Rule of Civil Procedure 54(c) mandates that a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Here, Balboa's requested categories of relief do not differ in kind from the relief requested in the Complaint. However, an adjustment needs to be made to Balboa's requested damages. The Court will address each of the three agreements separately and present the correct calculations.

    A.    Vehicle Financing Agreement ("VFA") Remedies

        1.    Damages

Balboa has the burden of proving damages sought in the Complaint. See PepsiCo, 238 F. Supp. 2d at 1175. The court may hold an evidentiary hearing to determine the amount of damages. Fed. R. Civ. Proc. 55(b)(2)(B). Where "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits," a default judgment may be entered without a hearing. Citizens Bus. Bank v. Vessel Bellezza, No. 18-cv-02163, 2020 WL 7064247, at *3 (C.D. Cal. Oct. 27, 2020) (quoting Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc., 722 F.2d 1319, 1323 (7th Cir. 1983)); see also Microsoft Corp. v. Nop, 549 F. Supp. 2d 1233, 1235 (E.D. Cal. 2008).

The Complaint, Motion, and supporting declarations provide the relevant facts to ascertain the principal damages regarding the VFA, Agreement #349852-000. The VFA requires Pannu Transport to make monthly payments of $1,667.91 for a period of seventy-two (72) months, payable on the 24th day of each month, beginning February 24, 2021.[1] (Compl. Dkt. No. 1, Ex. A, at 1.) Balboa received and credited its last payment from Pannu Transport on September 24, 2023. (Compl. ¶ 13.) Therefore, according to the Court's calculation, there remained forty-one (41)[2] monthly payments,

---

[1] There are discrepancies in the payment dates. Balboa Complaint and Ex. A indicate the initial payment date as February 24, 2021 while Balboa's Motion states that the payments began April 25, 2021. (See Compl. ¶ 12; Mot. at 1.)

[2] Balboa miscalculates that there are forty-two (42) monthly payments remaining. (Mot. at 1; Declaration of Don Ngo ("Ngo Decl.").) Even if there were 42 months remaining, it is unclear to this Court how Balboa claims damages of $70,352.45 when the computation renders a total of $70,352.44.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-02407-JVS-JDE | Date | October 1, 2024 |
| Title | Ameris Bank v. Pannu Transport Inc. et al | | |

for a total of $68,384.31. At the time of the Complaint, $300.22 in late charges were due, bringing the total to $68,684.53. (Id. ¶ 15.) Balboa repossessed and sold the relevant collateral ("Collateral No. 1") in the amount of $32,710.00. (Id. ¶ 19.) Applying the net proceeds from the sale, the Court awards damages in the amount of $35,974.53.

      2.      Attorneys' Fees and Costs

According to the Complaint, under the terms of the VFA, Pannu Transport agreed to pay reasonable attorneys' fees incurred by Balboa in the enforcement of that agreement. (Compl. ¶ 18.) When a contract provides for the recovery of reasonable attorneys' fees, those fees shall be calculated in accordance with the schedule in Local Rule 55-3. L.R. 55-3. Under this schedule, awards of attorneys' fees are directly related to the amount of the judgment. Balboa used the schedule in Rule 55-3 to calculate its requested attorneys' fees of $2,858.54. (Densen Decl., ¶ 7.) However, Balboa used $37,642.45 as the principal amount to calculate the attorneys' fees. (Id.) Calculated with the principal the Court found, $35,974.53, attorneys' fees total $2,758.47.

The VFA also entitles Balboa to seek recovery of costs associated with enforcing that agreement. (Compl. ¶ 18.) As a result, Balboa requests $405 for its filing fee for the Complaint and $99 for service of process fees. (Mot. at 4.) The Court finds the costs reasonable. Accordingly, the Court awards Balboa attorneys' fees in the amount of $2,758.47. It also awards costs in the amount of $504, the total of the fees it incurred when enforcing the VFA.

      3.      Prejudgment Interest

Balboa seeks a prejudgment finance charge of 10% per annum and accrued interest through and including the date of judgment. (Mot. at 2.) State law sets the rate of prejudgment interest in diversity actions, and federal law sets the rate of post-judgment interest. Northrop Corp. v. Triad Int'l Mktg. Corp. S.A., 842 F.2d 1154, 1155 (9th Cir. 1988) (per curiam). Under California law, "[a] person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in the person upon a particular day, is entitled also to recover interest thereon from that day." Cal. Civ. Code § 3287(a). "Damages are deemed certain . . . within the provisions of subdivision (a) of section 3287 where there is essentially no

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-02407-JVS-JDE | Date | October 1, 2024 |
| Title | Ameris Bank v. Pannu Transport Inc. et al | | |

dispute between the parties concerning the basis of computation of damages if any are recoverable but where their dispute centers on the issue of liability giving rise to damage." Leff v. Gunter, 33 Cal. 3d 508, 519 (1983). For contracts entered into after January 1, 1986, that do not stipulate a legal rate of interest, "the obligation shall bear interest at a rate of 10 percent per annum after a breach." Cal. Civ. Code § 3289(b); Howard v. Am. Nat'l Fire Ins. Co., 187 Cal. App. 4th 498, 538 (2010).

The Court concludes that the requisite level of certainty of damages was achieved and Balboa is entitled to prejudgment interest. Pannu Transport can determine the amount owed to Balboa based on the terms of the VFA and the weekly payment structure designated therein. (See Densen Decl. ¶ 5.) Given Pannu Transports' lack of response in this case, there is no evidence in front of the Court to create uncertainty over this amount. See Watson Bowman Acme Corp. v. RGW Construction, Inc., 2 Cal. App. 5th 279, 302 (2016) (reasoning that conflicting evidence is needed to viably contradict an evidence-based assertion that there is not a dispute over the amounts owed) (citing Leff, 33 Cal. 3d at 520). Therefore, the Court concludes that the amount of damages owed to Balboa is sufficiently certain for the purposes of § 3287(a).

Because the VFA was executed on February 24, 2021, (Compl. ¶ 12.), a rate of 10% per annum after breach applies. Cal. Civ. Code § 3289(b). Accordingly, the Court awards $3,439.76 in prejudgment interest to Balboa.[3]

    B.    *Equipment Financing Agreement No. 1 ("EFA No.1") Remedies*

    1.    Damages

The Complaint and supplemental declarations provide evidence to support principal damages of $82,875.53 regarding Pannu Transport's breach of EFA No. 1, Agreement #349852-001. (See Mot. at 2–3.) Pursuant to EFA No. 1, Balboa loaned Pannu Transport a principal sum of $78,350.96 to finance a certain equipment

---

[3] Balboa used the correct interest rate to calculate its requested prejudgment interest. However, like attorneys' fees, Balboa used $37,642.45 as the principal amount to calculate the prejudgment interest. (Densen Decl. ¶ 5.) As discussed, the Court found the principal owed to Balboa to be $35,974.53. This is the amount the Court will use in its calculations of the prejudgment interest on the entry date of judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-02407-JVS-JDE | Date | October 1, 2024 |
| Title | Ameris Bank v. Pannu Transport Inc. et al | | |

("Collateral No. 2"). (Compl. ¶ 27.) EFA No. 1 requires Pannu Transport to make monthly payments of $2,094 for a period of forty-eight (48) months, payable on the 21st day of each month, beginning August 21, 2023. (Id. Ex. C, at 1.) Balboa received and credited its last payment from Pannu Transport on September 21, 2023. (Id. ¶ 29.) Therefore, with the remaining forty-six (46) monthly payments and late charges of $251.28, a total of $96,575.28 is due to Balboa. Balboa sold the relevant collateral ("Collateral No. 2") for $13,699.75. Applying the proceeds from the sale of Collateral No. 2, Pannu Transport owes a total of $82,875.53 in damages.[4]

### 2.    Attorneys' Fees and Costs

Similar to the prior agreement, VFA, Pannu Transport agreed to pay reasonable attorneys' fees incurred by Balboa in the enforcement of EFA No. 1. (Compl. 34, Ex. C, at 3.) Balboa used the schedule in Rule 55-3 to accurately calculate its requested attorneys' fees of $4,915.02. (Densen Decl. ¶ 10.) Accordingly, the Court awards $4,915.02 in attorneys' fees.

### 3.    Prejudgment Interest

Here, the Court again concludes that the requisite level of certainty of damages was achieved and Balboa is entitled to prejudgment interest. Pannu Transport can determine the amount owed to Balboa based on the terms of EFA No. 1 and the weekly payment structure designated therein. (See Densen Decl. ¶ 8.) Given Pannu Transports' lack of response in this case, there is no evidence in front of the Court to create uncertainty over this amount. See Watson Bowman Acme Corp., 2 Cal. App. 5th at 302. Therefore, the Court concludes that the amount of damages owed to Balboa is sufficiently certain for the purposes of § 3287(a). Furthermore, because EFA No. 1 was executed on June 22, 2023, (Compl. ¶ 28.), a rate of 10% per annum after breach applies. See Cal. Civ. Code § 3289(b). Accordingly, the Court awards the requested prejudgment interest of $8,013.10.

### C.    *Equipment Financing Agreement No. 2 ("EFA No. 2") Remedies*

---

[4] Balboa claims principal damages of $82.875.54 in its Motion and supporting declarations. (Mot. at 2–3.; Ngo Decl. ¶ 12; Densen Decl. ¶ 8.) However, the Court cannot account for the one cent that Balboa adds to the total amount owed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-02407-JVS-JDE | Date | October 1, 2024 |
| Title | Ameris Bank v. Pannu Transport Inc. et al | | |

1. Damages

The Complaint and supplemental declarations provide evidence to support principal damages of $76,018 regarding Pannu Transport's breach of EFA No. 2, Agreement #349852-003. (See Compl. ¶ 45–48; Ngo Decl. ¶¶ 15–18.) EFA No. 2 sets forth a loan from Balboa requiring Pannu Transport to make monthly payments of $2,918 for a period of thirty (30) months, payable on the 4th day of each month, beginning November 4, 2023. (Id. Ex. E.) Balboa did not receive payment from Pannu Transport from November 4, 2023. (Ngo Decl. ¶ 15–16.) Therefore, the remaining thirty (30) monthly payments with the titling fee of $150 charges a total of $87,690. (Id. ¶ 17.) Subsequently, Pannu Transport made four full monthly payments. (Id. ¶ 18.) After accrediting these payments, the Court awards damages to Balboa in the amount of $76,018.[5]

2. Attorneys' Fees and Costs

Similar to the prior agreements, Pannu Transport agreed to pay reasonable attorneys' fees incurred by Balboa in the enforcement of the No. 2. (Compl. ¶ 51; See Compl. Ex. E, at 3–4.) Balboa used the schedule in Rule 55-3 to accurately calculate its requested attorneys' fees of $4,640.72. (Densen Decl. ¶ 13.)

3. Prejudgment Interest

Here, the Court again concludes that the requisite level of certainty of damages was achieved and Balboa is entitled to prejudgment interest. Pannu Transport can determine the amount owed to Balboa based on the terms of EFA No. 2 and the weekly payment structure designated therein. (See Densen Decl. ¶ 11.) Given Pannu Transports' lack of response in this case, there is no evidence in front of the Court to create uncertainty over this amount. See Watson Bowman Acme Corp., 2 Cal. App. 5th at 302. Therefore, the Court concludes that the amount of damages owed to Balboa is sufficiently certain for the purposes of § 3287(a). Moreover, because the BLA was

---

[5] Although Balboa states that Pannu Transport owes a total of $87,690.01, the Court again cannot account for the one cent that Balboa adds to the principal amount. (Compl. ¶ 50.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:23-cv-02407-JVS-JDE					Date  October 1, 2024

Title  Ameris Bank v. Pannu Transport Inc. et al

executed on September 22, 2023, (Ngo Decl., Ex. A, at 6), a rate of 10% per annum after breach applies. Cal. Civ. Code § 3289(b).

Balboa seeks a prejudgment finance charge of 10% per annum from the date of breach, November 4, 2023, to the date of judgment. (Mot. at 4). Calculated from the day of breach, November 4, 2023 to the entry date of judgment, Balboa is entitled to its requested $7,057.98 in prejudgment interest.

## IV. CONCLUSION

The court awards Balboa a total sum of **$226,197.11**, which is a sum of the following:

- a.  Compensatory damages in the amount of $35,974.53 on the VFA;
- b.  Attorneys' fees in the amount of $2,758.47 on the VFA;
- c.  Prejudgment interest in the amount of $3,439.76, at the statutory rate of ten percent (10%) per annum, from October 25, 2023 (the date of breach), to October 7, 2024 (the hearing date noticed on this Default Motion), on the VFA;

- d.  Compensatory damages in the amount of $82,875.53 on EFA No. 1;
- e.  Attorneys' fees in the amount of $4,915.02 on EFA No. 1;
- f.  Prejudgment interest in the amount of $8,013.10, at the statutory rate of ten percent (10%) per annum, from October 21, 2023 (the date of breach), to October 7, 2024 (the hearing date noticed on this Default Motion), on EFA No. 1;

- g.  Compensatory damages in the amount of $76,018.00 on EFA No. 2;
- h.  Attorneys' fees in the amount of $4,640.72 EFA No. 2;
- i.  Prejudgment interest in the amount of $7,057.98, at the statutory rate of ten percent (10%) per annum, from November 4, 2023 (the date of breach), to October 7, 2024 (the hearing date noticed on this Default Motion), on EFA No. 2;
- j.  Costs in the amount of $504.00.

For the foregoing reasons, the Court **GRANTS** the Motion with revisions to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:23-cv-02407-JVS-JDE                              Date  October 1, 2024

Title  Ameris Bank v. Pannu Transport Inc. et al

amount in damages.

      **IT IS SO ORDERED.**